UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| NOEL DIAZ,<br>   *Plaintiff*, | :<br>:<br>: |
| v. | :   Case No. 3:20-cv-1050 (VAB) |
| HANNA, *et al.*,<br>   *Defendants*. | :<br>:<br>: |

**RULING ON MOTION FOR RECONSIDERATION**

On August 7, 2020, the Court denied Mr. Diaz's motion to proceed *in forma pauperis* filed by the plaintiff, Noel Diaz. Order, ECF No. 11 (Aug. 7, 2020). On August 12, 2020, Mr. Diaz filed a motion seeking reconsideration of that decision. Mot. for Reconsideration, ECF No. 12 (Aug. 12, 2020) ("Mot."). He states that the only money he receives is from gifts and that he has an outstanding bill that he cannot pay. Mot. at 1.

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). "Reconsideration is not intended for the court to reexamine a decision or the party to reframe a failed motion." *Fan v. United States*, 710 F. App'x 23, 24 (2d Cir. 2018) (citing *Questrom v. Federated Dep't Stores, Inc.*, 192 F.R.D. 128, 130 (S.D.N.Y. 2000)); *accord Shrader*, 70 F.3d at 257 ("[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided."); *see also* D. CONN. L. CIV. R. 7(c)1 (Motions for reconsideration generally will be denied unless the movant can point to controlling

decisions or data that the court overlooked in the initial decision or order" and require that the motion "be accompanied by a memorandum setting forth concisely the controlling decisions or data the movant believes the court overlooked.").

Mr. Diaz has submitted a copy of a medical bill for CT and MRI scans taken on July 18, 2020. At that time, Mr. Diaz remained incarcerated, Mot. at 2, and he has not established his legal responsibility for outside medical services provided during his incarceration. In addition, the bill is dated July 27, 2020, after Mr. Diaz filed this action. *Id.* Thus, even if Mr. Diaz was responsible for the bill, it does not constitute data the Court overlooked.

The copy of his inmate account statement shows that Mr. Diaz had a balance of $505.33 and showed regular substantial deposits. Inmate Account Statement, ECF No. 3 (July 24, 2020). For example, Mr. Diaz had deposits of $260.00 in May 2020 and $680.00 in June 2020. *Id.* Mr. Diaz, like all litigants must decide how to allocate his income and, unlike other litigants, has no costs for room and board.

The Court concludes that Mr. Diaz has not identified any law or facts overlooked by the Court in denying the motion. As a motion for reconsideration is not intended as a vehicle to reframe the motion, Mr. Diaz's motion for reconsideration [**ECF No. 12**] is **DENIED**. Mr. Diaz shall submit the filing fee by **September 25, 2020** from the date of this order or the case will be dismissed.

**SO ORDERED** at Bridgeport, Connecticut, this 19th day of August 2020.

/s/_____
Victor A. Bolden
United States District Judge